# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

**HENRRI ZELAYA LOPEZ**

        Plaintiff,                Case No. 3:23-CV-00793

v.

**KENNETH F. TESCH**

        Defendant.

___

## DEFENDANT'S ANSWER TO COMPLAINT OF PLAINTIFF
___

This the Answer of Defendant Kenneth F. Tesch, by his attorneys, Cross Jenks Mercer & Maffei LLP, by Nicole Marklein, to Plaintiff's Complaint, admits, denies and alleges as follows:

## NATURE OF THE PROCEEDINGS

1. **ALLEGATION:** Plaintiff brings this action under 42 U.S.C. § 1981, alleging discrimination in the terms and conditions of employment on the basis of color and race/ethnicity. He also brings state law claims arising from the assault and battery that forms the basis for his federal claims.

    **ANSWER**: Defendant affirmatively alleges that this paragraph sets forth legal conclusions to which no response is necessary. To the extent an answer is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all allegations and puts the Plaintiff to his strict proof thereon.

1

## JURISDICTION & VENUE

2. **ALLEGATION:** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims arise under 42 U.S.C. § 1981.

**ANSWER**: Defendant affirmatively alleges that this paragraph sets forth legal conclusions to which no response is necessary. To the extent an answer is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all allegations and puts the Plaintiff to his strict proof thereon.

3. **ALLEGATION:** This Court has supplemental jurisdiction over the state law tort claims that Plaintiff assert herein against Defendant, pursuant to 28 U.S.C. § 1367, because those claims are so related to the claims brought under 42 U.S.C. § 1981 that they form part of the same controversy, as all of Plaintiff's claims arise out of a common nucleus of operative facts.

**ANSWER**: Defendant affirmatively alleges that this paragraph sets forth legal conclusions to which no response is necessary. To the extent an answer is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all allegations and puts the Plaintiff to his strict proof thereon.

4. **ALLEGATION:** This Court has personal jurisdiction over Defendant because his domicile and principal place of business are in this judicial district.

**ANSWER**: Defendant affirmatively alleges that this paragraph sets forth legal conclusions to which no response is necessary. To the extent an answer is necessary, admits that defendant's domicile and principle place of business are in this judicial district.

5. **ALLEGATION:** Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendant resides in this district and because the events giving rise to Plaintiff's claims occurred in this judicial district.

**ANSWER**: Defendant affirmatively alleges that this paragraph sets forth legal conclusions to which no response is necessary. To the extent an answer is necessary, admits that Defendant resides in this judicial district. Deny the occurrence of any events as alleged in this Complaint.

## PARTIES

6. **ALLEGATION:** Plaintiff, Henrri Zelaya Lopez, is an adult resident of the State of Wisconsin, residing at 111 South 3rd Street, Colby, Wisconsin 54421.

**ANSWER**: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all allegations and puts the Plaintiff to his strict proof thereon.

7. **ALLEGATION:** At all times material to this Complaint, Plaintiff was employed by Defendant as a corral worker.

**ANSWER**: Deny. Affirmatively allege Plaintiff was hired under the name of Emanual Rodriquez Cruz. Hereafter, Defendant answers this Complaint assuming that "Plaintiff" refers to Emanual Rodriquez Cruz. Admit that Plaintiff was hired as a corral worker.

8. **ALLEGATION:** Defendant, Kennth F. Tesch, is, on information and belief, an adult citizen and resident of the State of Wisconsin, residing at 234797 Pickard Avenue, Dorchester, Wisconsin 54425.

**ANSWER:** Admit.

9. **ALLEGATION:** At all times material to this Complaint, Defendant operated a dairy farm on the premises of 234797 Pickard Avenue, Dorchester, Wisconsin 54425.

**ANSWER**: Admit.

## FACTUAL ALLEGATIONS

10. **ALLEGATION:** Plaintiff began his employment with Defendant in early August 2023.

**ANSWER:** Deny.

11. **ALLEGATION:** Plaintiff was employed as a corral worker at a rate of $12.50 per hour, and worked nine (9) hours per day, seven (7) days per week.

**ANSWER:** Admit.

12. **ALLEGATION:** Defendant offered Plaintiff employment knowing that Plaintiff has limited proficiency in the English language, is a Spanish-speaker, and is Nicaraguan and Hispanic.

**ANSWER:** Admit.

13. **ALLEGATION:** During all material times, Defendant employed two (2) white employees and approximately four (4) Hispanic employees, including Plaintiff, all of who were of darker skin complexion than Defendant and his two (2) white employees.

**ANSWER:** Admit that Defendant employed two white employees and four Hispanic employees. Deny remaining allegations.

14. **ALLEGATION:** Defendant and his two (2) white employees were born in the United States.

**ANSWER:** Admit.

15. **ALLEGATION:** Plaintiff and two (2) of his coworkers are Nicaraguan and one or more of the other Hispanic employees are, on information and belief, Mexican.

**ANSWER:** Admit on information and belief.

16. **ALLEGATION:** On or about August 15, 2023, Defendant hired Jose Guadalupe Valdez Juarez ("Valdez"), an Hispanic individual, as a corral worker and instructed Plaintiff to work alongside and to train Valdez.

**ANSWER:** Admit.

17. **ALLEGATION:** On or about August 24, 2023, Plaintiff witnessed Defendant's attempted assault of Valdez. Defendant was instructing Plaintiff and Valdez on that day's work, but Valdez did not understand the instructions that Defendant was providing in English, so he used his phone to find a translator application and walked towards Defendant to ask for clarification.

**ANSWER**: Deny.

18. **ALLEGATION:** Defendant became angry when he saw that Valdez was using his phone, picked up a water hose that was laying on the ground, and began pacing towards Valdez screaming "Fuck you, no comprendes, no English?" while lifting the hose menacingly as if he was getting ready to strike Valdez with it. Valdez ran away from Defendant and Defendant followed him; Valdez managed to escape.

**ANSWER:** Deny.

19. **ALLEGATION:** At the end of that day's shift, Valdez told Defendant that he was quitting and would not be working for Defendant after August 31, 2023.

**ANSWER:** Admit that Valdez quit his employment on or around August 24, 2023.

20. **ALLEGATION:** On or about September 1, 2023, Defendant hired Saul Lopez ("Lopez"), an Hispanic individual, as Valdez's replacement; Defendant tasked Plaintiff with training Lopez as well.

**ANSWER:** Admit.

21. **ALLEGATION:** The same day Lopez was hired, while Plaintiff was training him, Defendant assaulted Lopez because Lopez spoke Spanish in his presence. At first, Defendant was apparently dissatisfied with how Lopez performed corral cleaning work. Without warning, Defendant approached Lopez, picked up cow manure from the corral floor and smeared it on the buttock area of Lopez's pants. Defendant then told Lopez that he should clean the corral "like he cleaned himself". Lopez apologized in Spanish and Defendant became angry, took a shovel from Lopez's hands and threw it at him, striking his chest and arm. Lopez quit that same day.

**ANSWER:** Deny.

22. **ALLEGATION:** After Lopez quit, Plaintiff, Inginio Noel Herrera Palacios ("Herrera") and William Guevara Delgado ("Guevara") were the remaining Hispanic workers employed by Defendant.

**ANSWER:** Admit.

23. **ALLEGATION:** Defendant subjected Plaintiff to constant verbal abuse because he is Hispanic and/or because he is of a darker skin complexion as compared with Defendant and his white employees.

**ANSWER:** Deny.

24. **ALLEGATION:** Plaintiff communicated with Defendant every day in order to receive work instructions. However, Defendant prohibited Plaintiff from speaking Spanish in Defendant's presence.

**ANSWER:** Deny.

25. **ALLEGATION:** When Plaintiff spoke Spanish, asking Defendant for clarification when Plaintiff did not fully understand the instructions that Defendant provided in English, Defendant would tell Plaintiff to "shut the fuck up".

**ANSWER:** Deny.

26. **ALLEGATION:** Plaintiff often had to guess what Defendant was trying to communicate by employing a trial and error method, and responding to Defendant's demands with hand signals.

**ANSWER:** Deny.

27. **ALLEGATION:** Defendant frequently became frustrated that communication with Plaintiff was difficult or because Plaintiff performed his duties in a way that was apparently different than what Defendant wanted, due to language barriers, and would insult Plaintiff by employing offensive language such as "fuck", "fucking", and "shit".

**ANSWER:** Deny.

28. **ALLEGATION:** Plaintiff was offended when Defendant directed such language at him.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies the same.

29. **ALLEGATION:** On or about September 8, 223, Plaintiff, Herrara, and Guevara were receiving instructions from Defendant as they performed cow caretaking work. Defendant told each of the employees to stand in place at a location determined by Defendant, so that they could corral cows as a team. When Herrera moved from where Defendant instructed him to stand, Defendant became angry, referred to all three (3) men as

"shit people" and complained that Plaintiff, Herrera, and Guevara did not understand English.

**ANSWER:** Admit that Defendant gave work instructions but deny the remaining allegations.

30. **ALLEGATION:** Defendant did not treat the two (2) white employees in the abusive, offensive and vile manner in which he treated the brown, Hispanic, non-U.S. born employees, as described above.

**ANSWER:** Defendant denies treating any employees in the manner alleged.

31. **ALLEGATION:** On September 11, 2023, at or around 5:30 a.m., Plaintiff was clearing cow manure from the farm's milking parlor with a shovel.

**ANSWER:** Admit on information and belief.

32. **ALLEGATION:** Defendant approached Plaintiff from behind as he was shoveling cow manure, forcefully grabbed the shovel from Plaintiff's hand, and tossed it over a corral full of cows.

**ANSWER:** Deny.

33. **ALLEGATION:** Defendant then grabbed Plaintiff by the collar of his jacket, menacingly yelled insults at him, and angrily accused him of damaging a skid street owned by Defendant and used in Defendant's dairy operations.

**ANSWER:** Deny.

34. **ALLEGATION:** Among other things, Defendant repeatedly called Plaintiff a "fucking scum".

**ANSWER:** Deny.

35. **ALLEGATION:** Plaintiff, in Spanish, explained that the skid steer's battery was dead and Defendant became angrier.

**ANSWER:** Deny.

36. **ALLEGATION:** Defendant then threw Plaintiff to the manure covered cement floor by pulling down forcefully on his jacket's collar, which caused injuries to Plaintiff's right arm.

**ANSWER:** Deny.

37. **ALLEGATION:** Defendant then proceeded to drag Plaintiff across the milking parlor's cement floor, which caused additional injuries that extended from Plaintiff's right hip to his right buttocks.

**ANSWER:** Deny.

38. **ALLEGATION:** Plaintiff attempted to get up from the floor, but Defendant held him down by pushing against Plaintiff's shoulder and maintaining control over Plaintiff by grabbing and manipulating his jacket's collar.

**ANSWER:** Deny.

39. **ALLEGATION:** Plaintiff cried out for help as he feared what Defendant would do next.

**ANSWER:** Deny.

40. **ALLEGATION:** Herrera heard Plaintiff's cries for help, looked in his direction, and saw Defendant holding and dragging Plaintiff on the cement floor.

**ANSWER:** Deny.

41. **ALLEGATION:** Herrera informed Guevara of what was occurring and they succeeded in ending the assault by separating Defendant from Plaintiff and helping the latter get up from the floor.

**ANSWER:** Deny.

42. **ALLEGATION:** Plaintiff, Herrera, and Guevara, all of whom had been engaged in work that morning, left the farm's premises and called the police, as they were offended and horrified by Defendant's assault on Plaintiff and by the vitriol that accompanied that assault.

**ANSWER:** Admit that Plaintiff, Herrera and Guevara left the premises but deny remaining allegations.

43. **ALLEGATION:** Defendant followed Plaintiff, Herrera and Guevara off of the farm's premises, and attempted to coerce them into desisting in calling the police.

**ANSWER:** Deny.

44. **ALLEGATION:** Plaintiff, Herrera and Guevara were found by police while they walked away from the farm, on County Road A, east of State Highway 13. They were then about a 15 to 20 minute walk's distance from the farm.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

45. **ALLEGATION:** At about 6:30 a.m., a Marathon County Sheriff's Deputy interviewed Plaintiff while he was receiving first aid in an ambulance.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

46. **ALLEGATION:** Herrera and Guevara were also interviewed by law enforcement officers.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

47. **ALLEGATION:** Plaintiff was taken by ambulance to Aspirus Medford Hospital, where he was treated for abrasions to his right arm and right buttock/hip area.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

48. **ALLEGATION:** Defendant was interviewed by the Marathon County Sheriff's Department later that day, at which time he lied to the law enforcement officer, claiming that Plaintiff had suffered his injuries when he inadvertently slipped in cow manure and fell to the ground.

**ANSWER:** Admit that Defendant was interviewed by the Marathon County Sheriff's Department but deny that he lied to law enforcement officers.

49. **ALLEGATION:** The Marathon County Sheriff's Department referred the criminal case to the Marathon County District Attorney's Office, and that Office assigned the following case number to the matter: 2023-MA-003095.

**ANSWER:** Admit on information and belief.

50. **ALLEGATION:** Defendant did not assault or batter his white employees.

**ANSWER:** Admit.

### FIRST CAUSE OF ACTION:
### DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT
### BECAUSE OF COLOR AND RACE/ETHNICITY
### IN VIOLATION OF 42 U.S.C. § 1981.

51. **ALLEGATION:** Plaintiff realleges and incorporates herein by reference the above paragraphs.

**ANSWER:** Defendant realleges and incorporates his answers to allegations 1 through 50 above as if fully set forth herein.

52. **ALLEGATION:** Throughout the entirety of Plaintiff's employment by Defendant, Defendant—who is the owner of the workplace and managed its workers and its

11

daily operations—created, maintained, and subjected Plaintiff to a hostile work environment.

**ANSWER:** Deny.

53. **ALLEGATION:** Defendant's actions were so objectively and subjectively abusive that they created a hostile work environment and altered the conditions of Plaintiff's employment.

**ANSWER:** Deny.

54. **ALLEGATION:** Plaintiff witnessed Defendant humiliate and verbally and physically abuse his Hispanic coworkers.

**ANSWER:** Deny.

55. **ALLEGATION:** Defendant harassed Plaintiff and his coworkers when they communicated with Defendant in Spanish.

**ANSWER:** Deny.

56. **ALLEGATION:** By his actions, Defendant instilled fear in his Hispanic employees, including Plaintiff.

**ANSWER:** Deny.

57. **ALLEGATION:** Defendant humiliated and assaulted Plaintiff while Plaintiff was performing work for Defendant.

**ANSWER:** Deny.

58. **ALLEGATION:** Defendant caused injuries to Plaintiff that required him to seek treatment and to remain off work.

**ANSWER:** Deny.

59. **ALLEGATION:** Defendant thereby interfered with Plaintiff's work performance and his ability to work.

**ANSWER:** Deny.

60. **ALLEGATION:** Defendant's assault of Plaintiff constitutes a constructive discharge, as he was forced to quit because it would have been unreasonable for him to remain employed under such terms and conditions.

**ANSWER:** Deny.

61. **ALLEGATION:** Defendant thus conditioned Plaintiff's continued employment on Plaintiff's acquiescence to and tolerance of severe physical abuse and humiliation.

**ANSWER:** Deny.

62. **ALLEGATION:** The harassment was pervasive during Plaintiff's month and one-half employment with Defendant.

**ANSWER:** Deny.

63. **ALLEGATION:** Defendant only subjected his darker-skin-colored Hispanic employees to the verbal and physical abuse and humiliation described above; Defendant did not similarly condition his white employees' employment on the acquiescence to and tolerance of severe and periodic physical abuse and constant humiliation.

**ANSWER:** Deny.

64. **ALLEGATION:** Defendant's insistence in only harassing and assaulting Hispanic employees shows that he discriminated against Plaintiff intentionally and with malice and indifference to his federally protected rights.

**ANSWER:** Deny.

65. **ALLEGATION:** Defendant subjected Plaintiff to disparate treatment regarding the terms and conditions of his employment on the bases of his color and his race/ethnicity, in violation of 42 U.S.C. § 1981.

**ANSWER:** Deny.

## SECOND CAUSE OF ACTION:
## BATTERY

66. **ALLEGATION:** Plaintiff realleges and incorporates herein by reference the above paragraphs.

**ANSWER:** Defendant realleges and incorporates his answers to allegations 1 through 65 above as if fully set forth herein.

67. **ALLEGATION:** Defendant intentionally caused bodily harm to Plaintiff when he forcefully threw Plaintiff to the manure covered cement floor of the milking parlor. Defendant's action caused abrasions to Plaintiff's right arm.

**ANSWER:** Deny.

68. **ALLEGATION:** Defendant intentionally caused bodily harm to Plaintiff when he dragged Plaintiff across the cement floor. Defendant's action caused abrasions to Plaintiff's right buttock/hip area.

**ANSWER:** Deny.

69. **ALLEGATION:** Plaintiff did not consent to any of the above-mentioned acts committed by Defendant.

**ANSWER:** Deny.

## THIRD CAUSE OF ACTION:
## ASSAULT

70. **ALLEGATION:** Plaintiff realleges and incorporates herein by reference the above paragraphs.

**ANSWER:** Defendant realleges and incorporates his answers to allegations 1 through 69 above as if fully set forth herein.

71. **ALLEGATION:** Prior to the commission of Defendant's battery on Plaintiff, including as a result of Defendant verbally accosting Plaintiff and physically menacing him, Plaintiff reasonably believed that Defendant had the intent and ability to harm Plaintiff and reasonably feared that Defendant intended to and would commit such harm.

**ANSWER:** Deny.

72. **ALLEGATION:** Plaintiff suffered mental harm as a result of said assault.

**ANSWER:** Deny.

**AFFIRMATIVE DEFENSES**

1. Plaintiff failed to mitigate his damages.

2. A substantial factor in causing the incident and any and all resulting injuries and damages was plaintiff's failure to exercise ordinary care and safety at and prior to the time of the incident.

3. If plaintiff's claims include a claim for damages which were paid for by an insurance company, government body or other such entity not a party to this action, then plaintiff has failed to join a necessary party and is barred from recovering any such amounts.

4. Plaintiff may have failed to effectuate proper service of process on Defendant.

5. Plaintiff's own conduct was the cause of any claimed damages.

6. Any claimed damages are the result of preexisting or unrelated events or conditions.

7. Plaintiff's color, race or ethnicity were not the but-for cause of any of his damages.

8. Plaintiff may have failed to state a claim upon which relief may be granted.

9. Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because he cannot establish a prima facie case of discrimination or retaliation in violation of Section 1981.

10. At all material times, any actions taken by Defendant with respect to the terms, conditions, or privileges of Plaintiff's employment were taken for legitimate, non-discriminatory and non-retaliatory reasons.

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

12. Defendant reserves the right to amend his Answer and add additional affirmative defenses or counterclaims that may become known during litigation.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint of the Plaintiff and for his costs and disbursements.

Dated this 27th day of December, 2023.

                          **CROSS JENKS MERCER & MAFFEI LLP**
                          Attorneys for Defendant

                          *Electronically signed by Nicole Marklein*
By:_____
                          Nicole Marklein
                          State Bar Number: 1055685
                          221 Third Avenue
                          P.O. Box 556
                          Baraboo, WI 53913-0556
                          Telephone: (608) 356-3981
                          Facsimile: (608) 356-1179
                          Email: nmarklein@cjmmlaw.com